ACCEPTED
14-15-00212-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
4/14/2015 10:53:24 PM
CHRISTOPHER PRINI
CLERK

No. 419,625-401

| | | |
|---|---|---|
| IN THE ESTATE OF DORIS J. SIMON, | : | IN THE PROBATE COURT |
| INCAPACITATED | : | NUMBER ONE |
| | : | |
| vs | : | |
| | : | |
| MICHAEL BOLTZ, ANGELA JOHNSON, | : | HARRIS COUNTY,TEXAS |
| JOELLEN SNOW, JERRY SIMONEAUX | : | |
| & LAUREN BYRD | : | |

FILED IN
13th COURT OF APPEALS
HOUSTON, TEXAS
4/14/2015 10:53:24 PM
CHRISTOPHER A. PRINE
Clerk

No. 14-15-00212-CV

| | | |
|---|---|---|
| IN THE ESTATE OF DORIS J. SIMON, | : | IN THE FOURTEENTH COURT |
| | : | |
| INCAPACITATED. APPELLANT | : | OF APPEALS |
| | : | |
| vs | : | HARRIS COUNTY,    TEXAS |
| | : | |
| | : | |
| JOELLEN SNOW, APPELLEE, | : | |
| ANGELA JOHNSON, APPELLEE | : | |
| and | : | |
| MICHAEL BOLTZ, JERRY SIMONEAUX | : | |
| and LAUREN BYRD | : | |

PLAINTIFF/APPELLANT'S REQUEST FOR FURTHER CONSIDERATION OF
PLAIANITIFF'S REQUEST FOR PERMISSION TO TAKE INTERLOCUTORY APPEAL

TO THE HONORABLE COURT:

Guardian Morna Simon-McGuffey, as agent and representative for the Estate of

Doris J. Simon, reurges its request for the court to grant permission for her to take an

interlocutory appeal of the court's orders dismissing Defendants Angela Johnson and

Joellen Snow, and further requests the Court to sever causes related to defendants Angela

Johnson and Joellen Snow for the purpose of allowing an interlocutory appeal, presently docketed at the Court of Appeals for the Fourteenth District, No. 14-15-00212-CV

.

1.      As a result of the dismissals of Plaintiff/Appellant's causes against Defendants Johnson and Snow, legal questions are now before the court concerning legal duties owed by attorneys AdLitem to their clients, especially clients known to have been medically determined to be legally incompetent, and concerning legal duties owed by and the responsibilities of "Expert" Guardianship Attorneys employed to represent clients according to the exercise of "Power of Attorney" rights and privileges, and according to other agency-"like" principles such as Restatement of Law attorney liability to client and non-clients.  Such issues are ripe for decision as they were pleaded to the Probate Court by Plaintiff's First Amended Original Petition, yet dismissed upon special exceptions and according to Rule 91(a).  Their resolution here on appeal may well influence the resolution of other remaining claims among the parties.

2.      Appellant/Plaintiff Simon-McGuffey seeks to reinstate all claims  against defendants Johnson and Snow.

3.      The controversies involved between Appellant and Defendants Snow and Johnson, and the three defenants, Michael Boltz, Jerry Simoneaux and Lauren Bird, present more than one cause of action that arose out of a series of events, culminating and following the October, 2013 appointment of a guardian for Doris J. Simon.  The present

causes against Defendants' Snow and Johnson y derive from the actions and malfeasonse of the two and various other defendants at various times as they interacted with others and each others. Judicial economy thuse required the initial joinder of these causes, though it is requested that the Snow, Johnson controversies be severed to allow an appeal of the dismissals, it is recognized that, following the appeal, judicial economy will demand rejoinder because interwoven facts are common and many.

4. The proposed severed claims based upon involvements of Defendants Johnson and Snow could be the proper subject of a lawsuit if asserted independently; howver, they were joined in this lawsuit because they arose out of the same and similar facts.

5. Because the court's rulings froom which permission to appeal is requested are required to be "No Evidence Considered"[1] rulings [Tex. R. Civ. P. 91(a)6], questions of law are all that can emerge fromy the court's Special Exception and Rule 91(a) rulings, thus questions of law presented to the Court of Appeals are all questions of law that may be properly decided. There can be no disputed fact issues at this state of pretrial procedure.

6. 6. The severance is requested to do justice, avoid prejudice, and further convenience in that the parties are essentially before the appellate court with the Clerk's Record and Reporters Record poised to be filed on or about April 26, 2014 and thereby beginning the briefing timetable. Defendant/Appellee's Snow and Johnson argue their posture that plaintiff suffer the greatest prejudice there is by having her appeal dismissed.

PREMISES CONSIDERED, Plaintiff/Appellant MORNA SIMON-MCGUFFEY, GDN, GUARDIAN AND REPRESENTATIVE FOR THE ESTATE OF DORIS J. SIMON PRAYS THAT THE COURT permit the continuation of the appeal of this case to the Fourteenth Court of Appeals of Harris County Texas under cause No. 14-15-00212-CV and grant the Appellant Plaintiff Permission to present this appeal to the Court of Appeals as a case granted permission by the Probate Court to take an Interlocutory Appeal.

Respectfully submitted,

_____/s/ H. Clay McGuffey_____
Henry Clay McGuffey
P.O. Box P.O. Box 980593
Houston, Texas  77098-5804
5804 Fordham
Houston, Texas  77005
Texas State Bar No.  13661500
Tel.  713-855-5669
Fax:  713-583-2706
clay.mcguffey@yahoo.com
mcguffey@texas.net
Attorney for Morna Simon-McGuffey, Guardian for the Estate and Person of Doris J. Simon

CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing are served on counsel of record for the parties on this 14th day of April, 2015.

_____ ____/s/ H. Clay McGuffey_____
Henry Clay McGuffey